May it please the Court, Mark Turman on behalf of Petitioner Washington Pena-Flores. In our opening brief, we have shown that Mr. Pena's conviction under California's Penal Code, Section 487A, is not an aggravated felony under either the categorical or modified categorical approach, and the government does not argue otherwise. Rather, the government's sole argument on appeal is that this case should be remanded to the BIA for further proceedings for two reasons. First, the government says that it is indisputable that the BIA did not address the categorical or modified categorical-based challenges to the immigration judge's decision. And second, the BIA argues that remand is necessary in light of the Penular decision. Neither of these arguments should be accepted, and in my limited time I plan to focus on these two points. We just got a spanking from the Supreme Court on not remanding another case under Ventura, the Thomas case. I'm not sure I understand. Are you saying that there's nothing for them to do on remand, or are you saying that they don't need to do it because they've had their chance? The latter, Your Honor, is the BIA has already – I mean, the government takes the position that the BIA did not address the issue whether Mr. Pena's conviction amounts to an aggravated felony under the categorical or modified categorical approach. And to us, that position is simply inexplicable because, number one, Mr. Pena's appeal explicitly states the argument that his conviction is not an aggravated felony. I was a little troubled by that. It looked to me like when he appealed from the IJ to the BIA, he didn't make his argument that his crime was not an aggravated felony. He made the argument that he had ineffective assistance of counsel, I think, when he pleaded to it. So the BIA never addressed whether, in their view, it's an aggravated felony. I'm wondering if there's anything for us to do in this case because the appeal to us doesn't raise the issue of ineffective assistance when he pleaded in the State case, which is the only issue that he put to the BIA. Well, Your Honor, I think there are – I think it's important to point out that there were two notice of appeals that were filed. There was actually a notice of appeal filed pro se by Mr. Pena himself. And in that appeal, he specifically raised the issue and addressed the state of the argument that his conviction did not amount to an aggravated felony under the categorical or the modified categorical approach. Where is it in the record? It is on page 26 of the administrative record. Doesn't the BIA also explicitly hold that grand theft is an aggravated felony? In its decision? Yes. It did. Absolutely, you're correct. The BIA's decision, I think, contrary to the government's suggestion or argument, as I understand it, the BIA did address the issue of whether Mr. Pena's conviction amounts to an aggravated felony. It stated explicitly that it agreed with the immigration judge's decision that Mr. Pena's conviction was an aggravated felony. And as support for that, the BIA's conclusion is cited the Corona-Sanchez decision. And that decision specifically, again, and explicitly discussed as a categorical and modified categorical approach to determining whether a person's conviction amounts to an aggravated felony. So I don't think that – the problem is not that this issue was not properly raised before the BIA or that the BIA did not consider whether Mr. Pena's conviction amounts to an aggravated felony. The problem is the BIA simply got it wrong. And this Court should not remand that issue back to the BIA to have it reconsider this issue, which it has already rejected. The government makes one other point in support of its remand argument. It says remand is necessary in light of the Penular decision. And that argument is similarly unavailing. First of all, the Penular decision held that a conviction for unlawful driving does not amount to a theft offense or to a violent crime for removal purposes under either the categorical or modified categorical approach. As such, the Penular decision is simply additional authority that helps and supports Mr. Pena. It does not help the government and it is no basis for a remand. Moreover, the government has not shown how the BIA can avoid Penular's holding or, equally as important, how the BIA can avoid the holdings of the other cases that Mr. Pena cites in its opening brief to this Court. So for all of these reasons, we believe that remand is not necessary. Indeed, remand would simply prolong this case unnecessarily while Mr. Pena remains in custody. We ask this Court to grant Mr. Pena the relief that he is entitled to now and vacate the order removing him from the United States to Ecuador. Thank you, counsel. Thank you. Again, I'm Francis W. Fraser for the Respondent. The government concedes that applying Penular to the facts of this case and the existing record, especially the admittedly spare conviction records, that we basically don't have a defense. But I'd like to spend just a few moments addressing both parts of that, the Penular part and the existing record part. The Court recently denied the government's petition for re-hearing on Bonk and Penular and the Solicitor General is deliberating whether or not to seek Supreme Court review. The deadline for certiorari is May 23rd. That's on a first extension of time. The government might seek a second 30-day extension of time. I know that some panels of this Court, I can't, unfortunately, identify specific cases at this time, but I'm aware that some panels of this Court have granted motions to hold an abeyance pending consideration by the Solicitor General. Turning to the second point, the record in this case, during the immigration court proceedings, the petitioner conceded not only the factual allegations on the notice to appear, but he conceded that he was removable as an aggravated felon on the basis of his conviction for grand theft. Now, he changed his mind, apparently, and appealed that to the Board, and the Board apparently didn't note that, so I don't really have a challenge to that. But my concern is this. Had Petitioner, during the immigration court proceedings, denied the charge that he was an aggravated felon for the reason that the conviction records were inadequate to eliminate the possibility that he was convicted as an aider and a better, the government might have had the opportunity to seek a continuance to see if additional conviction records were available and could be introduced and might specifically answer that question. That didn't happen. He conceded the charges. So the case proceeded. As we explain in our brief, yes. Kennedy. I guess the government could have moved to reopen, though, right? We could have moved to – well, we might have moved to reopen, except reopen what? You mean the BIA decision? No, the government – one, the BIA affirmed the IJ. True. So there was nothing to reopen from the government's point of view. I'm suggesting that this might have taken place during the immigration court proceedings themselves. And that's why that would support, in our view, our suggestion that the case be remanded. Remanded for what? I'm not exactly sure I know what would happen. I'll turn to that, Your Honor. And I looked this up just before the hearing this morning. The page of the Corona-Sanchez decision that is cited in the BIA – in the BIA's order is that part of the opinion where the Ninth Circuit accepted the Seventh Circuit's generic definition of grand theft. And that's all that's happening at that page. So it's not a model of clarity. So – but I think that when the BIA cites Corona-Sanchez, it's saying that it has applied this court's generic definition of grand theft. It looked to me as though under the California statute you couldn't just by a conviction under the statute have the aggravated felony. One reason is the one that we already decided in the case about the accessorial liability, as I recall. Another is it's just too broad. It's not traditional common law theft because there are a lot of things designated in it that do not include aspartation as an element. And so it looked as though it really didn't matter. You couldn't make out theft just on a statutory reference in the abstract of judgment. From the documents, you're correct. Under a modified categorical approach, you're correct, Your Honor. I'm not sure. I don't think that the BIA's decision is really clear whether, for what purpose, it's citing Corona-Sanchez apart from the fact that it is saying under the Ninth Circuit's generic definition what Petitioner's conviction qualifies. I'm actually wondering the same thing as Judge Silverman. What would they do on remand? I'm thinking there's no way you can get from the abstract of judgment. Applying penuliar, there is nothing. But what I'm suggesting with the points I made earlier, that a remand might enable the government to see if there are additional conviction records available, like a transcript, a hearing transcript, where there's perhaps some colloquy with the criminal judge in which it could be discerned exactly what it is that the Petitioner pled guilty to, conceding that the documents in the record don't reflect exactly what it is he pled guilty to, and that this is an issue that supports remand to reopen the record. That's a point that was made in the Supreme Court's Ventura case and remade in the Thomas case, that on remand, the record can be reopened to produce additional evidence. And that essentially is all I have to say, because the government concedes, as matters stand right now, there's really no defense that we can present. But I do find the way this case proceeded through the Immigration Court, two notices of appeal to the BIA and then an appeal brief are somewhat unusual, shall we say. A little bit of a moving target. I can't understand the complaint very well. It says that he took money, labor, personal property and real property of a value exceeding $400 from Paul R. Airborne Express. Airborne Express is a company. Paul R. sounds like a man. I think it might have been maybe a franchisee. Is that it? It would be kind of hard to accomplish exportation with real property. I agree. I don't understand it. I can't fully explain it myself, Your Honor. Not on the basis of these documents. Why shouldn't we say, well, you had your day in court? I'm sorry? Why shouldn't we just say you had your day in court, you can prove whatever you want to prove, and if you don't prove it, you know, that's the way that works. You certainly can't. I'm only urging you to consider either holding this case in advance or remanding it to see what further evidence might be obtained to supplement the record that might answer the question whether or not, that might confirm that he was, in fact, not convicted as an aider-in-a-bedder because he was convicted as a principal. Did he steal a truck from Airborne Express, get into a truck and drive it away? I think he did drive it away, but I think, and I think there were other charges on the, there were, I think there were four charges on the abstract of judgment. The grand theft charge, I thought, was stealing money. My recollection is that there was $400 involved, I could be mistaken, and that that was the charge that produced the grand theft conviction. It's hard to say. It took money, labor, personal property, and real property of a value exceeding $400. I was thinking maybe that meant the truck, but I don't know. Your Honor, from these meager documents, I agree. I don't know either. And that's why I'm wondering if there might be other evidence that might answer some of these questions. There may not, in fact, be. Thank you, counsel. Thank you. Counsel. Thank you, Your Honor. If I could address just a few points that the government made. First of all, it sounds like the government is for the first time making an additional argument to this court, which is that essentially it wants a second bite of the apple. Hold on. Let me focus you on what's on my mind. Sure. The other judges may have things on their minds, too. What's on my mind is once burned, twice shy. The Supreme Court has made short work of our decisions where we didn't remand. And I'm wondering whether we need to remand so that the government gets a chance to poke around, see if it can find more documents to explain what this fellow did. None of the cases that the government cites, and I'm not aware of any cases that have allowed remand for that reason, because the government appears to be at best speculating that maybe if it gets a second chance, it can find additional evidence. It is speculating, but it says that the reason that it didn't do it the first time is that it was lulled into not doing it by Pena Flores' concession. Well, and that's another point that I think is important to address. The government states that Mr. Pena conceded removal as an aggravated felon based on his conviction of grand theft. And that is simply wrong. If one reads the record properly and carefully, it's just not in there. What Mr. Pena conceded was that he was convicted of grand theft under Section 487A, and that's it. That in turn begs the question whether Section 487A, a violation of Section 487A, amounts to an aggravated felony under either the categorical or the modified categorical approach. And for all the reasons that we explain in our brief, it does not. Isn't the purpose of the Ventura remand to allow the agency to exercise its discretion? It's not to reopen the case in chief, to allow the government to supplement its proof. It's to, once the rules are understood, to allow the agency to do whatever it's supposed to do. Yes, Your Honor. Isn't that it? Absolutely, Your Honor. And the issue in Ventura, if I remember correctly, was there was an alternative argument that was considered for the first time before this Court. It was the changed circumstances argument that was never really considered below in front of the immigration judge or the BIA and the Ninth Circuit addressed that argument instead of remanding. And, in fact, the BIA in its decision in that case explicitly stated we are not considering this issue. I think you have a very different situation here where the BIA's decision explicitly addresses this issue and comes to a conclusion on it. So I think Ventura is a very different case from this case for that reason. Same with the other cases the government cites. They're all they all involve instances where the BIA did not apply, for example, a wrong legal standard or didn't consider there was a Malconian case where the BIA ruled that the petitioner could relocate to another part of the country but did not consider the reasonableness of that relocation. And so it was remanded. And in those cases, based on the facts of those cases, remand makes sense. But in this case here, we have a situation where the issue that's being argued was raised in the Notice of Appeal and was addressed by the BIA, and there is no reason to remand this case back to the BIA to have it consider this issue that it has already rejected. And with that, I've said everything I intend to say. Unless the Court has any further questions, I'll submit. Roberts. Thank you, gentlemen. Thank you, counsel. Pena-Flores v. Gonzales is submitted.
judges: Lay, Kleinfeld, Silverman